09-2028-ag
Lin v. Holder

BIA
Bain, IJ
A099 526 368

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

WEI QUAN LIN,
> *Petitioner*,

> v.                                                   09-2028-ag
>                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      G. Victoria Calle,
                     New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Ernesto H. Molina, Jr.,
                     Assistant Director; Dana M.
                     Camilleri, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wei Quan Lin, a native and citizen of the People's Republic of China, seeks review of an April 14, 2009 order of the BIA, affirming the October 10, 2007 decision of Immigration Judge ("IJ") Terry Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Quan Lin*, No. A099 526 368 (B.I.A. Apr. 14, 2009), *aff'g* No. A099 526 368 (Immig. Ct. N.Y. City Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

The agency reasonably determined that Lin did not establish eligibility for asylum based on his wife's alleged

2

forced sterilization.  This Court has squarely rejected the notion that aliens are *per se* eligible for relief based on the forced sterilization of their spouse.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc).  Rather, applicants must base their claims on "persecution that they themselves have suffered or must suffer."  *See id.* at 308.  In order to establish eligibility for relief, an applicant claiming persecution for "other resistance" must demonstrate both: (1) "resistance" to a coercive family planning policy, which can "cover[ ] a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law"; and (2) that the applicant has suffered or reasonably fears suffering "harm amounting to persecution on account of that resistance."  *Id.* at 313 (quoting *In re S-L-L-*, 24 I. & N. Dec. 1, 10 (BIA 2006)).  Lin failed on both scores.

Contrary to Lin's argument that the IJ failed to consider his claim of emotional persecution, the IJ expressly found that during the 15 years Lin remained in China following his wife's alleged sterilization, he

3

encountered no further problems with the government. Indeed, Lin did not claim before the IJ that his emotional distress constituted persecution. Even if he had, and even assuming that such distress rose to the level of persecution, Lin failed to show that his distress occurred on account of his own resistance. *See id.* at 309-10. Indeed, in *Shi Liang Lin*, we explicitly rejected the argument Lin proposes here, that intentionally having a third child constitutes "resistance" to a family planning policy under 8 U.S.C. § 1101(a)(42). *Id.* at 313. Thus, the BIA reasonably found that Lin had not established his eligibility for asylum. *See id.*

Lin does not challenge the agency's denial of his withholding of removal or CAT claims. Regardless, because the agency reasonably determined that he was not eligible for asylum, he necessarily did not meet the higher threshold for those forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk